UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| MICHAEL STINE<br>114 EDGEWOOD ROAD<br>EDGEWOOD, KY 41017<br><br>AND<br><br>ZACH PAYNE<br>10470 CALVARY ROAD<br>INDEPENDENCE, KY 41051<br><br>    PLAINTIFFS,<br><br>V.<br><br>FEDEX GROUND PACKAGE<br>SYSTEM, INC.<br>1000 FEDEX DRIVE<br>MOON TOWNSHIP, PA 15108<br><br>    SERVE ITS REGISTERED<br>    AGENT:<br><br>    CT CORPORATION SYSTEM<br>    306 W. MAIN STREET<br>    SUITE 512<br>    FRANKFORT, KY 40601<br><br>    DEFENDANT. | CASE NO.<br>_____<br><br>JUDGE _____<br><br><br><br><br><br><br>COMPLAINT WITH JURY<br>DEMAND |

_____

## INTRODUCTION

1.    This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and K.R.S. §§ 337 et seq., and is filed by Michael Stine and Zach Payne on behalf of themselves and all other current and former "operations managers" at the business known as Fed Ex Ground.

1

2. Defendant has longstanding policies and practices at its business requiring operations managers to work through their lunch break without pay. The operations managers are also required to clock out and clock back in for the lunch break even though they are not actually getting to take a break.

3. Plaintiffs and other current and former employees similarly situated regularly worked overtime. As a consequence of not being paid for their lunchbreaks, Plaintiffs and other similarly situated employees did not receive base pay for the half hour lunch breaks and received overtime pay which was one-half hour per day less than they should have received.

4. On behalf of themselves and all others similarly situated who may choose to opt in to this action, Plaintiffs, Michael Stine and Zach Payne, seek restitution for the lunch breaks they were not paid for and for the overtime compensation that would have resulted had the lunchbreak time been added to the hours worked for the week. Plaintiffs also seek attorney fees and costs and any other damages to which they may be entitled.

## JURISDICTION

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and may assume supplemental jurisdiction over Plaintiffs' state law claims on the basis of 28 U.S.C. § 1367.

6. Venue with the Court is appropriate pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions complained of giving rise to the claims occurred within this judicial district.

## PARTIES

7. Plaintiff, Michael Stine, is a citizen of the United States and resides in

Kenton County, Kentucky and was employed by Defendant as an "operations manager." His duties primarily consisted of handling and sorting packages.

8.   Plaintiff, Zach Payne, is a citizen of the United States and resides in Kenton County, Kentucky and was employed by Defendant under the same circumstances as Michael Stine.

9.   The class of similarly situated employees consists of all current and former employees of Defendant who were required by Defendant to work through their lunchbreak but did not get paid for the time or for the additional overtime that resulted.

10.   Fedex Ground Package System, Inc. is a foreign corporation licensed to do business in the State of Kentucky with a sorting facility located at 11000 Toebben Drive, Independence, Boone County, Kentucky 41051.

## COUNT I: VIOLATION OF FLSA

11.   Plaintiffs reiterate and incorporate by reference all of the preceding paragraphs as if fully rewritten herein.

12.   Defendant had in place a policy that all operations managers are to clock in and out for their lunchbreak but were required to work through it.

13.   Plaintiffs and those similarly situated were not paid for this lunchbreak time in violation of 29 U.S.C. § 206.

## COUNT II: VIOLATION OF FLSA/OVERTIME

14.   Plaintiffs reiterate and incorporate by reference all of the preceding paragraphs as if fully rewritten herein.

15.   Defendant routinely required its "operations managers" to work during

their lunchbreak without pay.

16. The "operations mangers" usually worked overtime and as a result were not paid all the overtime they were entitled to.

17. Defendant's failure to pay the proper amount of overtime amounts to a violation of 29 U.S.C. § 207 (a).

## COUNT III: STATE OVERTIME VIOLATION

18. Plaintiffs reiterate and incorporate by reference all of the preceding paragraphs as if fully rewritten herein.

19. Defendant routinely required its "operations managers" to work during their lunchbreak without pay.

20. The "operations mangers" usually worked overtime and as a result were not paid all the overtime they were entitled to.

21. Defendant's failure to pay the proper amount of overtime amounts to a violation of KRS 337.285.

## COUNT IV: VIOLATION OF 29 U.S.C. § 211 (c)

22. Plaintiffs reiterate and incorporate by reference all of the preceding paragraphs as if fully rewritten herein.

23. Defendant had a routine practice and policy of requiring its "operations managers" to clock out for a lunchbreak each day though the practice and policy of the Defendant was to have them work through any lunch break.

24. If an employee failed to clock out for a lunchbreak, even though he worked the entire time, he would be disciplined by the Defendant.

25. Defendant's failure to maintain and preserve accurate records constitutes a violation of 29 U.S.C. § 211 (c).

## COUNT V:
## VIOLATION OF KRS 337.320(1)

26. Plaintiffs reiterate and incorporate by reference all of the preceding paragraphs as if fully rewritten herein.

29. Defendant's failure to maintain and preserve accurate records constitutes a violation of KRS 337.320(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Michael Stine and Zach Payne, on behalf of themselves and all other persons similarly situated, known and unknown, request that this Court enter the following relief:

1. An order permitting this litigation to proceed as a collective action;
2. Opportunity to notify other similarly situated "operations manager" employees that this litigation is pending and that they have the right to opt-in to this action pursuant to 29 U.S.C. § 216(b);
3. Judgment against Defendant for willfully violating the FLSA and Kentucky law.
4. Restitution for worked performed and not paid;
5. Restitution for overtime compensation not paid;
6. Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. § 216(b) and KRS 337.385(1);
7. Any other relief in law or equity to which Plaintiffs may be entitled; and
8. For a trial by jury.

Respectfully Submitted,

/s/ T. Lawrence Hicks
T. Lawrence Hicks, Esq. (KBA# 31725)
CETRULO, MOWERY & HICKS, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 (fax)
lhicks@cetrulolaw.com

*Counsel for Plaintiffs*