**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 18-114-DLB-CJS**

**MICHAEL STINE, et al.**                                                                                          **PLAINTIFFS**


vs.                              **MEMORANDUM OPINION AND ORDER**


**FEDEX GROUND PACKAGE
SYSTEM, INC.**                                                                                                        **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court on Plaintiffs' Motion to Facilitate, wherein Plaintiffs request an opportunity to notify other potential class members of the existence of this putative FLSA collective action and to provide them with the opportunity to "opt-in" pursuant to 29 U.S.C. § 216(b). (Doc. # 12). The Court construes this Motion as one for conditional certification under the FLSA. For the reasons set forth below, Plaintiffs' Motion (Doc. # 12) is **granted**.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Plaintiffs Michael Stine and Zach Payne filed this putative collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), on July 5, 2018, and filed an Amended Complaint on September 11, 2018. (Docs. # 1 and 7). In their Amended Complaint, Plaintiffs allege that they were employed by Defendant Fedex Ground Package System, Inc., as "operations managers" in Boone County, Kentucky. (Doc. # 7 at 2). As operations managers, Plaintiffs allege that they were tasked with handling and sorting packages at Defendant's Boone County facility. *Id.* Plaintiffs allege that

Defendant had longstanding policies and practices of requiring its operations managers to clock out and clock back in for their lunch breaks but to continue working through these "breaks" without pay in violation of the FLSA and Kentucky's minimum-wage and overtime statutes. *Id.* at 1. Plaintiffs also allege that they and other current and former similarly-situated employees regularly worked overtime and that, as a consequence of not being paid for their lunch breaks, received overtime pay which was one-half hour per day less than what should have been paid. *Id.* at 1-2.

As a result of Defendant's alleged acts, Plaintiffs allege five causes of action: violation of 28 U.S.C. §§ 206 and 207(a) (Counts I and II, respectively); violation of Ky. Rev. Stat. § 33.285 (Count III); violation of 29 U.S.C. § 211(c) (Count IV); and violation of Ky. Rev. Stat. § 337.320(1) (Count V). (Doc. # 7 at 3-4). Plaintiffs seek, *inter alia*, "restitution for the lunch breaks they were not paid for and for the overtime compensation that would have resulted had the lunchbreak time been added to the hours worked for the week." *Id.* Plaintiffs seek to bring this action "on behalf of themselves and all other current and former 'operations managers' at . . . Fed Ex Ground," specifically, a "class of similarly situated employees . . . who may choose to opt in to this action . . . consist[ing] of all current and former employees of Defendant who were required by Defendant to work through their lunchbreak but did not get paid for the time or for the additional overtime that resulted." *Id.* at 2.

Defendant filed its Answer to the Amended Complaint on September 25, 2018, and thereafter the Court entered a Scheduling Order. (Docs. # 8 and 11). On November 16, 2018, Plaintiffs timely filed the instant Motion to Facilitate. (Doc. # 12). Plaintiffs attached to their Motion the Affidavit of Plaintiff Michael Stine, wherein he attests to facts

in support of their allegations that (1) Plaintiffs Stine and Payne each worked for Defendant as operations managers within the past five years; (2) Defendant failed to pay its operations managers proper overtime compensation; and (3) the unlawful pay practices at issue in this case are pervasive, widespread, and substantially similar throughout Defendant's local class of workers known as operations managers. *Id.* at 3 (citing Doc. # 12-1). Plaintiffs' Motion to Facilitate requests that the Court issue an Order directing Defendant to "immediately provide Plaintiffs' counsel with a list of the names and contact information of all current and former operations manager employees employed in its Boone County, Kentucky location within the last five years immediately preceding the filing of the Complaint," and "authorizing the issuance of a Court-approved notice to the Potential Class Members so that they may be made aware of and can effectively assert their claims on a timely basis." *Id.* at 1-2. Plaintiffs attach a proposed Notice and attendant opt-in form to their Motion. *See* (Doc. # 12-2). The Motion having been fully briefed, *see* (Docs. # 16 and 17), this matter is now ripe for review.

## II. ANALYSIS

### A. Standard of Review

Pursuant to the FLSA, an employee may bring a collective action against any employer on his or her own behalf and on behalf of other employees "similarly situated." 29 U.S.C. § 216(b). Separate in form from traditional class actions governed by Rule 23 of the Federal Rules of Civil Procedure, FLSA collective actions require potential class members to notify the Court of their desire to opt in to the collective action. *Id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is

brought."); *see also Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007). The decision to conditionally certify a class is within the discretion of the trial court. *Snelling v. ATC Healthcare Servs., Inc.*, No. 2:11-CV-983, 2012 WL 6042839, at *2 (S.D. Ohio Dec. 4, 2012) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

In determining whether to certify a collective action under the FLSA, the Sixth Circuit has adopted a two-tiered approach. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). The first stage, commonly called "conditional certification," involves providing notice to potential plaintiffs by giving them the opportunity to "opt-in" to the lawsuit. *Id.* at 546-47. The second stage occurs after this initial discovery process related to identifying and notifying potential plaintiffs occurs. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (citing *Comer*, 454 F.3d at 547 (stating that the second stage is initiated "after all of the opt-in forms have been received and discovery has concluded")). This conditional, two-stage approach allows the Court to examine whether the plaintiffs who have filed opt-in notices with the Court during stage one are in fact similarly situated to the originally-named plaintiffs. *Comer*, 454 F.3d at 547. If the Court then determines at stage two that the plaintiffs are not similarly situated, the Court may decertify the class. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 864 (S.D. Ohio 2005).

Plaintiffs seeking to certify a collective action under the FLSA bear the burden to show that they and the class they seek to represent are similarly situated. However, at this first stage—conditional certification—a named plaintiff must provide only a "modest factual showing" to demonstrate that he is similarly situated to his proposed co-plaintiffs,

4

and the court's review of this modest showing "is made using a fairly lenient standard," which "typically results in 'conditional certification' of a representative class." *Crawford*, 2007 WL 293865, at *5 (quoting *Comer*, 454 F.3d at 546-47). *See also Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 874 (S.D. Ohio 2017). Generally, courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (quoting *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001)). "[I]n order to meet this standard, plaintiffs must simply 'submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exist.'" *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004). During this preliminary stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). Moreover, the FLSA "does not import 'the more stringent criteria for class certification under Fed. R. Civ. P. 23' and it is also 'less stringent than [the] Rule 20(a) requirement that claims 'arise out of the same transaction or occurrence' for joinder to be proper[.]" *Id.* (citing *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009)).

With respect to the initial inquiry into whether a plaintiff is similarly situated with the proposed collective class, the Sixth Circuit has observed that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or conduct in conformity with that policy proves a violation as to all the plaintiffs." *Id.* (quoting *O'Brien*, 575 F.3d at 585). The court in *O'Brien* also explained, however, that "[s]howing a 'unified policy' of violation is not required" to support conditional certification

5

of a collective act. *Id.* at 584. Rather, plaintiffs may also meet the similarly-situated requirement if they can demonstrate, at a minimum, that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* at 585. *See also Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (stating that, at the initial notice stage, "the named plaintiff need only show that [his] position [is] similar, not identical, to the positions held by the putative class members").

There are two issues before the Court in this first-stage analysis: (1) the appropriateness of conditional certification under the FLSA; and (2) the propriety of Plaintiffs' proposed notice. The Court will address each issue in turn.

### B. Conditional Certification

Pursuant to the lenient standard afforded plaintiffs during the conditional-certification stage, Plaintiffs have made the requisite modest factual showing to demonstrate that they are similarly situated to the proposed class of employees. Plaintiffs have specified a discrete group of individuals with the same job title in the same facility—operations managers throughout Defendant's local facility in Boone County, Kentucky. *See Marshall*, 2008 WL 11344687, at *1 (finding that workers with the same job description who generally reported to the same factory were sufficiently "similarly situated" for purposes of FLSA conditional certification). Further, the proposed plaintiffs' claims, along with the currently-named Plaintiffs' claims, all stem "from a single, FLSA-violating" policy—that is, Defendant's alleged policy of requiring operations managers at its Boone County facility to work through their lunch breaks without pay. *See Hamm*, 275 F. Supp. 3d at 875-77 (first stage of the Sixth Circuit's two-tiered approach satisfied when

6

security guards' claims all stemmed from employer's meal-break deduction policy). These allegations are supported by the affidavit of Plaintiff Michael Stine. *See* (Doc. # 12-1). "[A]t a minimum," therefore, Plaintiffs meet the "similarly situated" requirement because they can demonstrate a reasonable basis that their claims are "unified by common theories of defendants' statutory violations." *Lewis*, 789 F. Supp. 2d at 867. *See also Smith v. Generations Healthcare Servs. LLC*, No. 2:16-cv-807, 2017 WL 2957741, at *5 (S.D. Ohio July 11, 2017) (granting conditional certification based upon allegations in the plaintiff's complaint and the plaintiff's declaration that employer had company-wide policy of failing to pay overtime premiums in violation of the FLSA).

Defendant presents five central arguments in response. Defendant first argues that Plaintiffs' factual showing is inadequate because Plaintiff Stine "lacks the personal knowledge required to credit [his] affidavit's contentions" and, without more, Plaintiffs' complaint standing alone is insufficient. (Doc. # 16 at 15-17). Specifically, Defendant questions Plaintiff Stine's basis for making assertions as to "all operations managers" at the facility when, according to Defendant, he "would have no personal knowledge about the experiences of operations managers" who worked different shifts or worked in different parts of the facility. *Id.*

Case law cited in Defendant's own response brief, (Doc. # 16 at 18), vitiates this argument. *See Smith*, 2017 WL 2957741, at *5 (noting that questions of credibility are inappropriate at the conditional-certification stage). In *Smith*, the district court granted conditional certification based solely upon allegations in the complaint and the plaintiff's declaration. Noting that "her allegations are less than fulsome," the district court nonetheless found that, under the lenient standard of the first stage of the two-tiered

7

inquiry, "to question *how* [the plaintiff] became aware of other HHAs employed by [d]efendants who were not paid overtime is to inquire into [p]laintiff's credibility—which the Court typically does not undertake at the conditional certification stage." *Id.* (citing *Myers*, 201 F. Supp. 3d at 890; *Swigart*, 276 F.R.D. at 214 (stating that, during this preliminary stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility")). *See also Hamm*, 275 F. Supp. 3d at 876 (rejecting a defendant's personal-knowledge argument that declarant would not have been able to observe other security officers at lunch because "the Court is not permitted to weigh the parties' competing evidence at this juncture"). Similarly, here Defendant's skepticism at *how* Mr. Stine allegedly became aware that other operations managers working during different shifts or at different locations within the facility were not paid overtime calls for the Court to weigh competing evidence and inquire into Plaintiffs' credibility—which is inappropriate at this stage. *Smith*, 2017 WL 2957741, at *5; *Hamm*, 275 F. Supp. 3d at 876.

Defendant next argues that Plaintiffs' factual showing is inadequate essentially because Plaintiffs have not specifically identified or provided the affidavits of other potential class employees. (Doc. # 16 at 17-18). Plaintiffs are not required to identify other putative class members who wish to join this action in order to meet the first stage of the two-tier inquiry. *See Hamm*, 275 F. Supp. 3d at 875 (rejecting similar argument and finding that "[t]here is no requirement that a motion for conditional certification, at this stage of the litigation, be supported by affidavits of interest from potential plaintiffs"). *See also Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011) ("[C]ourts have not traditionally required a plaintiff seeking conditional certification to

come forward with some threshold quantity of opt-in plaintiffs"); *Martin v. Psalms*, No. 2:10-CV-02532, 2011 WL 2882387, at *7-8 (W.D. Tenn. July 15, 2011) (noting that the Sixth Circuit has neither required such a showing nor held such a showing is not required).

Furthermore, Defendant ignores the substantial number of cases in which courts have conditionally certified a class based upon lone declarations from named plaintiffs or a single witness. *See, e.g.*, *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-CV-18, 2016 WL 2729700, at *1-4 (S.D. Ohio May 11, 2016) (finding conditional certification proper when named plaintiff's declaration contained "sufficient evidence to make a modest showing that the potential class members are similarly situated"); *Lewis*, 789 F. Supp. 2d at 868 (granting motion for conditional certification supported only by declarations from the two named plaintiffs); *Sisson v. OhioHealth Corp.*, No. 2:13-CV-0517, 2013 WL 6049028, at * 7 (S.D. Ohio Nov. 14, 2013) (granting motion for conditional certification supported by a single witness declaration even though the plaintiff did not identify "any proposed plaintiffs by name or submit[] affidavits from any potential plaintiffs"). In accordance with this precedent, the Court finds that a plaintiff's factual showing is not inadequate merely because a plaintiff fails to specifically identify or provide the affidavits of other potential class employees. Where, as here, the named plaintiff's affidavit demonstrates a reasonable basis that the class's claims are "unified by common theories of defendants' statutory violations," the Court may appropriately exercise its discretion to grant conditional certification. *Lewis*, 789 F. Supp. 2d at 867.

Third, in a variation of its previous argument that Plaintiffs' motion fails because they have not identified any other employees by name, Defendant argues that Plaintiffs' failure to submit affidavits from other operations managers at the Boone County facility

actually "confirm[s] that other similarly situated individuals do not exist." (Doc. # 16 at 19). The existence of such employees is a factual issue. As set forth *supra*, here Defendant is again asking the Court to weigh competing evidence and inquire into Plaintiffs' credibility—which is simply inappropriate at this stage. *Smith*, 2017 WL 2957741, at *5; *Hamm*, 275 F. Supp. 3d at 876.

Fourth, Defendant argues that the named Plaintiffs are not similarly situated to one another because Plaintiff Payne initially worked part time and they were supervised by different managers. (Doc. # 16 at 19-20). Again, however, Defendant's argument asks the Court to weigh competing evidence and inquire into Plaintiffs' credibility—which is simply inappropriate at this stage. *Smith*, 2017 WL 2957741, at *5; *Hamm*, 275 F. Supp. 3d at 876. Further, similar arguments have been rejected courts in by sister districts. Plaintiffs are not required to have identical job duties to satisfy the first stage. For example, the court in *Smith* granted conditional certification for a class of "[a]ll current and former Home Health Aides or other job titles performing similar job duties." *Smith*, 2017 WL 2957741, at *3. Rather, all that is required is a showing that "claims of the proposed class are unified by common theories of defendants' statutory violations." *Hamm*, 275 F. Supp. 3d at 877. As Plaintiffs have shown that here, *see supra*, Defendant's fourth argument is equally unavailing.

Fifth and finally, Defendant argues that conditional certification should be denied because Plaintiff Stine's affidavit admits that working through unpaid lunch breaks "did not occur every single lunch break." (Doc. # 16 at 20) (citing Doc. # 12-1). Defendant contends that Plaintiff Stine's "admission as to the individualized application of the purported off-the-clock policy makes collective treatment improper." *Id.* Defendant

further points to its own evidence, in the form of its timekeeping policy, to show that there was no common policy as alleged by Plaintiff. *Id.*

Again, factual disputes—such as whether Plaintiffs' lunch breaks were controlled by Defendant's proffered written policy or the unwritten policy alleged by Plaintiffs—are not to be considered during the first stage of the two-tiered certification procedure. *Hamm*, 275 F. Supp. 3d at 877. In fact, the *Hamm* court expressly rejected a defendant's similar argument that conditional certification was improper because the case would require individualized factual inquiry into the circumstances of each uncompensated meal break. *Id.* As the *Hamm* court noted, should first-stage discovery ultimately demonstrate that the class members are not similarly situated, a defendant may move to decertify the conditional certification at the second stage of certification proceedings. *Id.* Where the plaintiffs had presented evidence that the named plaintiffs and the proposed class were, as here, unified by a common theory, conditional certification was appropriate. *Id.*

Whether Plaintiffs' proposed class should be certified conditionally under the FLSA is a relatively close question based solely upon Plaintiff Stine's brief affidavit and the allegations in Plaintiffs' Amended Complaint. *See Smith*, 2017 WL 2957741, at *5 n.2. "However, after balancing the equities of the case, the Court determines that it would be easier for Defendant[] to attempt to decertify the class than for Plaintiff[s] to engage in further discovery and re-file a Motion for Conditional Certification." *Id.* Accordingly, in light of the "fairly lenient" standard that "typically results in conditional certification," the Court concludes that Plaintiffs have minimally but sufficiently satisfied the "modest" factual threshold required for conditional certification. *Comer*, 454 F.3d at 546-47).

Accordingly, Plaintiffs' construed Motion requesting conditional certification (Doc. # 12) will be **granted**.

C. **Notice**

Having determined that conditional certification is warranted, the Court turns now to the form and manner of Plaintiffs' proposed notice. Once a collective action is conditionally approved, district courts are vested with "discretion . . . to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Snelling*, 2012 WL 6042839, at *2 (citing *Hoffman-La Roche*, 493 U.S. at 170). Plaintiffs have attached to their construed Motion for conditional certification a proposed notice and opt-in consent form (collectively, the "proposed notice"). (Doc. # 12-2). Defendant sets forth several objections to portions of the proposed documents—none of which Plaintiffs substantively dispute. (Doc. # 16 at 21).

First, Defendant argues that the proposed notice is overbroad because Plaintiffs seek to include employees who worked at Defendant's facility for "the last five years immediately preceding the filing of the Complaint." (Doc. # 16 at 22) (citing Doc. # 12 at 1). However, Defendant argues that the FLSA is generally governed by "a two-year limitations period" and "[a]t most, Plaintiffs would be entitled to a class list and notice covering a three-year lookback period." (Doc. # 16 at 22, 22 n.1). The Court agrees that a three-year lookback period is the appropriate measure at the conditional-certification stage under the circumstances. "A two-year statute of limitations applies to actions brought under the FLSA; however, if the action arises out of a willful violation, a three-year limitations period applies." *Stanley v. Turner Oil & Gas Props., Inc.*, No. 2:16-cv-386, 2017 WL 127481, at *9 (S.D. Ohio Jan. 13, 2017) (citing 29 U.S.C. § 255(a)).

Plaintiffs do not substantively dispute this argument. *See* (Doc. # 17). Thus, the scope of putative class members is restricted to at most a three-year lookback period. *Stanley*, 2017 WL 127481, at *9; *Hamm*, 275 F. Supp. 3d at 878. In *Hamm*, the district court found that, "[g]iven the lenient standard employed at the conditional certification stage, and the Court's obligation to refrain from weighing Defendant's competing evidence at this juncture, the Court finds it appropriate to define the proposed class using a three year statute of limitations." *Hamm*, 275 F. Supp. 3d at 878. Likewise, here the Court agrees that a three-year limitations period is appropriate at this stage.[1] *Smith*, 2017 WL 2957741, at *6.

Second, Defendant argues that Plaintiffs' proposed notice is improper because the top of the first page is headed with the title, "**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY**." (Doc. # 16 at 22) (citing Doc. # 12-2). Plaintiffs do not dispute Defendant's argument that this is improper. *See* (Doc. # 17). As Defendant notes, several district courts have found that "placing the court name in the heading is improper because it may be misconstrued as judicial support for the plaintiffs' litigation." *Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 499 (D. Neb. 2009). *See also Jirak v. Abbot Labs., Inc.*, 556 F. Supp. 2d 845, 851 (N.D. Ill. 2008) (rejecting proposed notice containing "United States District Court for the Northern District of Illinois" at the top of the first page because "[t]his language could suggest to potential plaintiffs that the Court has lent its imprimatur to the merits of this case"). The Court agrees that this

---

[1] Whether Defendant's alleged violation of the FLSA was "willful"—whether the employer "knew or showed reckless disregard as to whether its conduct was prohibited"—is "a question better suited for a later stage of the litigation, and certification at this stage on the statute-of-limitations issue is "by no means final." *Hamm*, 275 F. Supp. 3d at 878; *Smith*, 2017 WL 2957741, at *6.

language could suggest to potential plaintiffs that the Court has given its imprimatur to the merits of this case. *Jirak*, 556 F. Supp. 2d at 851. As the Supreme Court explained, "[i]n exercising the discretionary authority to oversee the notice-giving process, . . . trial courts must take care to avoid even the appearance of a judicial endorsement of the merits of the action." *Id.* (citing *Hoffman-La Roche*, 493 U.S. at 174). Thus, Plaintiffs must remove this heading from the notice and caption the document as a "**NOTICE**," or, "alternatively, include the entire caption of the case so that it is clear the notice is a court document and not some type of letter from the Court." *Id.* Further, in addition to the language that the Court has not taken any position on the merits of this action, *see* (Doc. # 12-2), the notice should add a statement "advis[ing] potential class members not to contact the Court with questions about the litigation." *Jirak*, 556 F. Supp. 2d at 851.

Third, Defendant argues that Plaintiffs' proposed notice is improper in scope because it does not define with specificity either the class or the Defendant. (Doc. # 23 at 27). Plaintiffs do not dispute this argument. *See* (Doc. # 17). The Court agrees. The language of the notice's second paragraph should be modified to specify the relevant time period discussed *supra* and the location at Defendant's Boone County facility. Further, the notice should refer to the Defendant by its complete name—Fedex Ground Package System, Inc.

Fourth, Defendant argues that the notice is misleading because it fails to specify that only Plaintiffs' FLSA claims—as opposed to its state-law claims—would be conditionally certified. Fifth and finally, Defendant argues that the notice is improper because Defendant has not had an opportunity to formulate and include a summary of its position on the case in the notice. (Doc. # 16 at 24) (citing *Biggs v. Quicken Loans, Inc.*,

No. 10-CV-11928, 2014 WL 12661985, at *6 (E.D. Mich. Feb. 19, 2014)). Defendant also objects to, without substantively specifying, "[n]umerous ancillary issues" not addressed in Plaintiffs' notice. (Doc. # 16 at 24). Again, Plaintiffs do not dispute these arguments. (Doc. # 17). As for these remaining objections to Plaintiffs' proposed notice, "[b]oth the parties and the [C]ourt benefit from settling disputes about the content of the notice before it is distributed." *Smith*, 2017 WL 2957741, at *6 (citing *Hoffman-La Roche*, 493 U.S. at 172). Therefore, the Court finds that it is appropriate for the parties "to meet and confer about the content of Plaintiffs' proposed notice and consent-to-sue form and resolve all objections to the extent possible." *Id.* Further, the parties should confer regarding the appropriate opt-in period under the circumstances. *Id.*

III.  **CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1)  Plaintiffs' Motion to Submit (Doc. # 20) is **granted**;

(2)  Plaintiffs' construed Motion to certify conditionally this case as a collective action under the FLSA (Doc. # 12) is **granted**. Specifically, the Court conditionally certifies the following class:

> All current and former operations managers employed by FedEx Ground Package System, Inc. at its Boone County, Kentucky facility who, since July 5, 2015, were subject to a policy or practice of not being paid for work they were required to do during their lunch breaks, resulting in an underpayment of overtime pay.

(3)  The parties shall promptly **meet and confer** as to the content of Plaintiffs' proposed notice (Doc. # 12-2);

(4)  **Within fourteen (14) days of the date of entry of this Order**, the parties shall file a **joint status report** advising of the results of the parties' conference and

attaching a proposed revised notice.  Should the parties fail to reach an agreement and find that a joint report is not possible, the parties shall each file individual reports with their own attendant proposed revised notices, which the Court shall entertain for the purposes of drafting finalized notice and consent-to-sue forms; and

(5)     Upon the Court's approval of the notice and consent-to-sue forms, Plaintiffs are permitted to disseminate the notice to all putative class members via regular mail and e-mail.  Defendants must therefore produce the names, all known addresses, and e-mail addresses of putative class members **within thirty (30) days of this Court's order finalizing the notice and consent-to-sue forms**.

This 18th day of June, 2019.



Signed By:
*David L. Bunning*
**United States District Judge**

K:\DATA\Opinions\Covington\2018\18-114 MOO on 216b.docx